# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

2017 FEB 28 A II: 3

| | | |
|---|---|---|
| COREY ELLINGTON | ) | |
| 530 NORWOOD STREET | ) | Case no. _____ |
| EAST ORANGE, NJ 07018 | ) | |
| Plaintiff. | ) | |
| v. | ) | |
| OCWEN LOAN SERVICING, LLC | ) | Jury Trial Demanded |
| 1661 WORTHINGTON ROAD SUITE 100 | ) | |
| WEST PALM BEACH, FL 33409 | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Corey Ellington ("Plaintiff") brings this complaint against Ocwen Loan Servicing, LLC ("Defendant"), a loan servicer, for placing unauthorized telephone calls to his mobile phone using a prerecorded or artificial voice. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences upon information and belief.

## NATURE OF ACTION

1. In an effort to advance its loan servicing business, Ocwen Loan Servicing, LLC, a loan servicer, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the mobile telephone of Plaintiff.

2. By effectuating these unauthorized robocalls, Defendant has violated the called

1

Party's ("Plaintiff") statutory rights and has caused the call recipient ("Plaintiff") actual harm, as the Plaintiff was subjected to the persistent aggravation and invasion of privacy that accompanies unsolicited automated calls at Plaintiff's inconvenience as many calls were disruptive to Plaintiff's work and business agenda.

3.  In order to redress these injuries, Plaintiff, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited telephone calls using a prerecorded or artificial voice.

4.  Plaintiff seeks an award of statutory damages as well as any reimbursement of any losses and all fees associated with the filing of this complaint as allowable by this court.

## JURISDICTION

5.  This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

## VENUE

6.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as certain of the unauthorized prerecorded and/or artificial voice calls originated from phone numbers utilized by Defendant in this District.

## PARTIES

7.  Plaintiff, Corey Ellington ("Plaintiff") is domiciled in the State of New Jersey, County of Essex, and City of East Orange.

8. Defendant Ocwen Loan Servicing, LLC, whose principal place of business is in the State of Florida, County of Palm Beach, and City of West Palm Beach, is an entity who at all relevant times was engaged, by use of "automatic telephone dialing system" as defined by 47 U.S.C. § 227a(1), in the business of attempting to collect a "debt".

## FACTUAL ALLEGATIONS

9. Defendant Ocwen Loan Servicing, LLC is an entity that collects mortgage payments, and who at all relevant times was engaged in the business of attempting to collect a debt.

10. As an ordinary business practice, Defendant collects the telephone numbers of its customers upon the purchase, reassignment and/or servicing of mortgage accounts and then uses those numbers going forward as part of its automated calling operation for collection purposes. Defendant places such automated calls using an automated telephone dialing system featuring a prerecorded or artificial voice primarily in an effort to collect on current and delinquent accounts.

11. In an effort to reduce costs associated with maintaining its automated calling operation, Defendant spurns any procedures necessary to confirm that the telephone numbers to which Defendant places robocalls actually belong to the customers that were previously delinquent.

12. As a consequence, many of the telephone numbers Defendant receives in connection with its debt collection operation are inaccurate, or have become inaccurate, and result in Defendant routinely placing prerecorded or artificial voice telephone calls to individuals who never provided consent to be called by Defendant.

13. On May 7, 2014, Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded

3

voice in an apparent effort to collect debts from another intended recipient.. (See Call Log/Screenshot, attached as **Exhibit 1**)

14. On May 13, 2014, Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 1**)

15. On May 27, 2014 at 4:00pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 2**)

16. On May 28, 2014 at 5:00pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 3**)

17. On May 29, 2014 at 8:06pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 4**)

18. On May 30, 2014 at 4:58pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 5**)

19. On May 31, 2014 at 8:43am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 6**)

20. On May 31, 2014 at 4:18pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 7**)

21. On June 1, 2014 at 1:36pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 8**)

22. On June 2, 2014 at 5:01pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 9**)

23. On June 3, 2014 at 3:36pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 10**)

24. On June 4, 2014 at 5:41pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 11**)

25. On June 5, 2014 at 5:17pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 12**)

26. On June 6, 2014 at 2:42pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 13**)

27. On June 8, 2014 at 1:11pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 14**)

28. On June 8, 2014 at 9:43am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 14**)

29. On June 9, 2014 Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 15**)

30. On June 10, 2014 @ 4:06pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 16**)

31. On June 12, 2014 at 5:42pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 17**)

32. On June 13, 2014 at 3:34pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 18**)

33. On June 14, 2014 at 3:31pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 19**)

34. On June 15, 2014 at 3:55pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 20**)

35. On June 15, 2014 at 9:22am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 21**)

36. On June 16, 2014 at 4:42pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 22**)

37. On June 17, 2014 at 7:12pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 23**)

38. On June 18, 2014 at 4:11pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 24**)

39. On June 19, 2014 at 4:37pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 25**)

40. On June 20, 2014 at 3:08pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 26**)

41. On June 21, 2014 at 3:06pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Call Log/Screenshot, attached as **Exhibit 27**)

42. On June 22, 2014 at 4:47pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Call Log/Screenshot, attached as **Exhibit 28**)

43. On June 22, 2014 at 11:05am Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Call Log/Screenshot, attached as **Exhibit 29**)

44. On June 23, 2014 at 4:12pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Call Log/Screenshot, attached as **Exhibit 30**)

45. On June 23, 2014 at 11:22am Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Call Log/Screenshot, attached as **Exhibit 31**)

46. On June 24, 2014 at 8:49am Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 32**)

47. On June 25, 2014 at 7:30pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 33**)

48. On June 25, 2014 at 1:45pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 34**)

49. On June 26, 2014 at 3:35pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 35**)

50. On June 26, 2014 at 7:13pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 36**)

51. On June 27, 2014 at 3:47pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Call Log/Screenshot, attached as **Exhibit 37**)

52. On June 27, 2014 at 5:14pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Call Log/Screenshot, attached as **Exhibit 38**)

53. On November 20, 2013 at 5:33pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

54. On November 21, 2013 at 5:18pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

55. On November 23, 2013 at 8:15am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

56. On November 27, 2013 at 9:18am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

57. On November 29, 2013 at 8:30am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

58. On December 3, 2013 at 4:19pm Plaintiff had his privacy invaded by Defendant by

receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

59. On December 6, 2013 at 4:37pm Plaintiff had his privacy invaded by Defendant by

receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

60. On December 8, 2013 at 5:17pm Plaintiff had his privacy invaded by Defendant by

receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

61. On December 9, 2013 at 3:28pm Plaintiff had his privacy invaded by Defendant by

receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

62. On December 12, 2013 at 6:28pm Plaintiff had his privacy invaded by Defendant by

receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 39**)

63. On December 24, 2013 at 5:01pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 40**)

64. On December 26, 2013 at 6:04pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 40**)

65. On January 4, 2014 at 9:15am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 40**)

66. On January 7, 2014 at 4:32pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 40**)

67. On January 16, 2014 at 4:13pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 40**)

68. On January 21, 2014 at 9:40am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 41**)

69. On January 26, 2014 at 5:23pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 41**)

70. On March 24, 2014 at 4:55pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

71. On April 3, 2014 at 4:46pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

72. On April 4, 2014 at 1:24pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

73. On April 7, 2014 at 6:47pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

74. On April 7, 2014 at 6:47pm (2nd Phone Call a few seconds after previous one) Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

75. On April 10, 2014 at 4:13pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

76. On April 11, 2014 at 4:41pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

77. On April 17, 2014 at 3:34pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

78. On April 18, 2014 at 1:19pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 42**)

79. On April 20, 2014 at 3:47pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

80. On April 21, 2014 at 4:09pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

81. On April 22, 2014 at 4:19pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

82. On April 23, 2014 at 4:18pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

83. On April 24, 2014 at 6:56pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

84. On April 24, 2014 at 3:29pm Plaintiff had his privacy invaded by Defendant by receiving
a phone call on his cellular telephone from Defendant that featured an artificial or
prerecorded voice in an apparent effort to collect debts from another intended recipient.
(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

85. On April 25, 2014 at 5:14pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

86. On April 28, 2014 at 5:42pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

87. On April 30, 2014 at 11:32am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

88. On May 8, 2014 at 5:53pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

89. On May 8, 2014 12:00pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

90. On May 9, 2014 at 5:32pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

91. On May 11, 2014 at 4:11pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

92. On May 14, 2014 at 3:27pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Mobile Bill Statement Call Log, attached as **Exhibit 43**)

93. On May 22, 2014 at 4:44pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

94. On May 23, 2014 at 7:11pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

95. On May 23, 2014 at 4:10pm Plaintiff had his privacy invaded by Defendant by receiving

a phone call on his cellular telephone from Defendant that featured an artificial or

prerecorded voice in an apparent effort to collect debts from another intended recipient.

(See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

96. On May 24, 2014 at 4:55pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

97. On May 25, 2014 at 4:51pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

98. On May 26, 2014 at 6:54pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

99. On June 8, 2014 at 3:17pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

100.     On June 14, 2014 at 8:23am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 44**)

101.     On August 11, 2014 at 1:19pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 45**)

102.    On August 11, 2014 at 1:14pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 45**)

103.    On August 11, 2014 at 1:19pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 45**)

104.    On August 12, 2014 at 5:46pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 45**)

105.    On August 19, 2014 at 1:26pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 45**)

106.    On August 25, 2014 at 4:21pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 46**)

107.     On September 3, 2014 at 10:46am Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 46**)

108.     On September 5, 2014 at 2:45pm Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 46**)

109.     On September 15, 2014 at 11:31am Plaintiff had his privacy invaded by
Defendant by receiving a phone call on his cellular telephone from Defendant that
featured an artificial or prerecorded voice in an apparent effort to collect debts from
another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 46**)

110.     On September 23, 2014 at 2:06pm Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

111.     On September 26, 2014 at 3:14pm Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

112.     On September 26, 2014 at 3:14pm Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an

21

artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

113.    On September 29, 2014 at 7:11pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

114.    On September 30, 2014 at 4:58pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

115.    On October 8, 2014 at 11:31am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

116.    On October 9, 2014 at 7:06pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

117.    On October 13, 2014 at 11:28am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 47**)

118.     On October 20, 2014 at 4:58pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

119.     On October 22, 2014 at 7:09pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

120.     On October 23, 2014 at 2:37pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

121.     On October 27, 2014 at 5:47pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

122.     On October 28, 2014 at 4:32pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

123.     On October 29, 2014 at 4:27pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial

or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

124.     On October 29, 2014 at 3:11pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

125.     On October 30, 2014 at 12:34pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

126.     On October 31, 2014 at 6:51pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

127.     On October 31, 2014 at 1:55pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

128.     On November 4, 2014 at 11:53am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

129.     On November 4, 2014 at 10:25am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

130.     On November 6, 2014 at 2:08pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

131.     On November 7, 2014 at 2:22pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

132.     On November 11, 2014 at 10:49am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

133.     On November 11, 2014 at 10:48am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

134.     On November 12, 2014 at 3:21pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an

artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 48**)

135.　　On November 24, 2014 at 2:32pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

136.　　On December 1, 2014 at 10:46am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

137.　　On December 3, 2014 at 4:29pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

138.　　On December 3, 2014 at 3:49pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

139.　　On December 3, 2014 at 3:48pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

140.     On December 5, 2014 at 10:50am Plaintiff had his privacy invaded by Defendant

by receiving a phone call on his cellular telephone from Defendant that featured an

artificial or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

141.     On December 12, 2014 at 10:44am Plaintiff had his privacy invaded by

Defendant by receiving a phone call on his cellular telephone from Defendant that

featured an artificial or prerecorded voice in an apparent effort to collect debts from

another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

142.     On December 15, 2014 at 11:25am Plaintiff had his privacy invaded by

Defendant by receiving a phone call on his cellular telephone from Defendant that

featured an artificial or prerecorded voice in an apparent effort to collect debts from

another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

143.     On December 16, 2014 at 9:58am Plaintiff had his privacy invaded by Defendant

by receiving a phone call on his cellular telephone from Defendant that featured an

artificial or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

144.     On December 19, 2014 at 2:11pm Plaintiff had his privacy invaded by Defendant

by receiving a phone call on his cellular telephone from Defendant that featured an

artificial or prerecorded voice in an apparent effort to collect debts from another intended

recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 49**)

145.     On December 26, 2014 at 3:41pm Plaintiff had his privacy invaded by Defendant

by receiving a phone call on his cellular telephone from Defendant that featured an

artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 50**)

146.     On January 2, 2015 at 12:35pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 50**)

147.     On January 23, 2015 at 12:35pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

148.     On January 26, 2015 at 12:22pm Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

149.     On January 30, 2015 at 10:50am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

150.     On January 30, 2015 at 10:50am Plaintiff had his privacy invaded by Defendant by receiving a phone call on his cellular telephone from Defendant that featured an artificial or prerecorded voice in an apparent effort to collect debts from another intended recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

151.     On February 6, 2015 at 10:40am Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

152.     On February 9, 2015 at 11:59am Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

153.     On February 12, 2015 at 8:10am Plaintiff had his privacy invaded by Defendant
by receiving a phone call on his cellular telephone from Defendant that featured an
artificial or prerecorded voice in an apparent effort to collect debts from another intended
recipient. (See Mobile Bill Statement Call Log, attached as **Exhibit 51**)

154.     On February 1, 2017 Plaintiff sent Defendant demand letter in its first attempt to
resolve the matter.  (See Letter, attached as **Exhibit 52**)

155.     On February 8, 2017 Defendant received demand letter (See USPS Delivery
Confirmation Receipt # 7015 0640 0003 8565 2675 with USPS Online Delivery Status,
attached as **Exhibit 53**)

156.     On February 16, 2017 Plaintiff sent Defendant written communication and in such
communication relayed an intent to sue as a good faith overture and second attempt to
resolve the matter without having to burden the court. (See Letter, attached as **Exhibit
54**)

157.     On February 19, 2017 Defendant received letter from Plaintiff expressing an

intent to sue (See USPS Delivery Confirmation Receipt # 7015 0640 0003 8565 2538

with USPS Online Delivery Status, attached as **Exhibit 55**)

158.     Plaintiff is not now, nor ever has been, a debtor or customer of Defendant.

159.     Exasperated, Plaintiff repeatedly informed Defendant's customer service

department that the phone number that Defendant had been calling did not belong to their

intended recipient and that Defendant did not have permission to call that number again.

However, Plaintiff's complaints were repeatedly ignored by Defendant, even after

Plaintiff registered his cellular telephone number on the National Do Not Call Registry

on May 23, 2014, and Defendant's unauthorized robocalls continued unabated. (See Do

Not Call Registry Confirmation for mobile phone no. (973) 789-6002, attached as

**Exhibit 56**)

160.     The inconvenience, personal humiliation, embarrassment, mental anguish,

emotional distress, and detriment to Plaintiff's character and personal reputation that

Plaintiff suffered as a result of Defendants' harassing efforts to collect the outstanding

debt alleged due constitute mental anguish more than mere worry, anxiety, vexation,

inconvenience, or unpleasantness.

## COUNT I

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

161.     Plaintiff repeats and re-alleges each and every factual allegation above.

162.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 7, 2014.

163.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

164.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

165.    To the extent the Court determines that Defendant's conduct was willful and
knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory
damages recoverable by Plaintiff.

## COUNT II

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

166.    Plaintiff repeats and re-alleges each and every factual allegation above.

167.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 13, 2014.

168.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

169.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

170.    To the extent the Court determines that Defendant's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT III

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

171.    Plaintiff repeats and re-alleges each and every factual allegation above.

172.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 27, 2014 at 4:00pm.

173.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

174.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

175.    To the extent the Court determines that Defendant's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT IV

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

176.     Plaintiff repeats and re-alleges each and every factual allegation above.

177.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 28, 2014 at
5:00pm.

178.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

179.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

180.     To the extent the Court determines that Defendant's conduct was willful and
knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory
damages recoverable by Plaintiff.

## COUNT V

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

181.     Plaintiff repeats and re-alleges each and every factual allegation above.

182.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 29, 2014 at
8:06pm.

183.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

184.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

185.     To the extent the Court determines that Defendant's conduct was willful and
knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory
damages recoverable by Plaintiff.

## COUNT VI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

186.     Plaintiff repeats and re-alleges each and every factual allegation above.

187.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 30, 2014 at
4:58pm.

188.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

189.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

190.     To the extent the Court determines that Defendant's conduct was willful and

knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory

damages recoverable by Plaintiff.

## COUNT VII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

191.     Plaintiff repeats and re-alleges each and every factual allegation above.

192.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on May 31, 2014 at

8:43am.

193.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

194.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

195.     To the extent the Court determines that Defendant's conduct was willful and

knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory

damages recoverable by Plaintiff.

## COUNT VIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

196.     Plaintiff repeats and re-alleges each and every factual allegation above.

197.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on May 31, 2014 at

4:18pm.

198.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

199.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

200.     To the extent the Court determines that Defendant's conduct was willful and

knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory

damages recoverable by Plaintiff.

## COUNT IX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

201.     Plaintiff repeats and re-alleges each and every factual allegation above.

202.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on June 1, 2014 at

1:36pm.

203.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

204.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.


205.     To the extent the Court determines that Defendant's conduct was willful and

knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory

damages recoverable by Plaintiff.

## COUNT X

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

206.     Plaintiff repeats and re-alleges each and every factual allegation above.

207.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded

or artificial voice to the telephone number of Plaintiff on June 2, 2014 at 5:01pm.

208.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

209.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

210.    To the extent the Court determines that Defendant's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT XI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

211.    Plaintiff repeats and re-alleges each and every factual allegation above.

212.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 3, 2014 at 3:36pm.

213.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

214.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

215.     To the extent the Court determines that Defendant's conduct was willful and
knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory
damages recoverable by Plaintiff.

### COUNT XII

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

216.     Plaintiff repeats and re-alleges each and every factual allegation above.

217.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on June 4, 2014 at
5:41pm.

218.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

219.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

220.     To the extent the Court determines that Defendant's conduct was willful and
knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory
damages recoverable by Plaintiff.

### COUNT XIII

# VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

221.    Plaintiff repeats and re-alleges each and every factual allegation above.

222.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 5, 2014 at 5:17pm.

223.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

224.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

225.    To the extent the Court determines that Defendant's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT XIV

# VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

226.    Plaintiff repeats and re-alleges each and every factual allegation above.

227.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 6, 2014 at 2:42pm.

228.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

229.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

230.     To the extent the Court determines that Defendant's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

**COUNT XV**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

231.     Plaintiff repeats and re-alleges each and every factual allegation above.

232.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 8, 2014 at 1:11pm.

233.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

234.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

235.     To the extent the Court determines that Defendant's conduct was willful and knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT XVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

236.     Plaintiff repeats and re-alleges each and every factual allegation above.

237.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 8, 2014 at 9:43am.

238.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

239.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

240.    Plaintiff repeats and re-alleges each and every factual allegation above.

241.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 9, 2014.

242.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

243.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

### COUNT XVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

244.    Plaintiff repeats and re-alleges each and every factual allegation above.

245.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 10, 2014 at 4:06pm.

246.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

247.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

248.     Plaintiff repeats and re-alleges each and every factual allegation above.

249.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 12, 2014 at 5:42pm.

250.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

251.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

252.     Plaintiff repeats and re-alleges each and every factual allegation above.

253.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on June 13, 2014 at
3:34pm.

254.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

255.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

**COUNT XXI**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

256.     Plaintiff repeats and re-alleges each and every factual allegation above.

257.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on June 14, 2014 at
3:31pm.

258.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

259.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

260. Plaintiff repeats and re-alleges each and every factual allegation above.

261. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 15, 2014 at 3:55pm.

262. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

263. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

264. Plaintiff repeats and re-alleges each and every factual allegation above.

265.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 15, 2014 at 9:22am.

266.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

267.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

268.     Plaintiff repeats and re-alleges each and every factual allegation above.

269.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 16, 2014 at 4:42pm.

270.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

271.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXV

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

272.    Plaintiff repeats and re-alleges each and every factual allegation above.

273.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 17, 2014 at 7:12pm.

274.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

275.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

### COUNT XXVI

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

276.    Plaintiff repeats and re-alleges each and every factual allegation above.

277.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 18, 2014 at 4:11pm.

278.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

279.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT XXVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

280.    Plaintiff repeats and re-alleges each and every factual allegation above.

281.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on June 19, 2014 at
4:37pm.

282.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

283.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT XXVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

284.     Plaintiff repeats and re-alleges each and every factual allegation above.

285.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 20, 2014 at 3:08pm.

286.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

287.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

288.     Plaintiff repeats and re-alleges each and every factual allegation above.

289.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 21, 2014 at 3:06pm.

290.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

291.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

292.      Plaintiff repeats and re-alleges each and every factual allegation above.

293.      Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 22, 2014 at 4:47pm.

294.      Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

295.      As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

296.      Plaintiff repeats and re-alleges each and every factual allegation above.

297.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 22, 2014 at 11:05am.

298.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

299.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

300.    Plaintiff repeats and re-alleges each and every factual allegation above.

301.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 23, 2014 at 4:12pm.

302.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

303.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

304.     Plaintiff repeats and re-alleges each and every factual allegation above.

305.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 23, 2014 at 11:22am.

306.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

307.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

308.     Plaintiff repeats and re-alleges each and every factual allegation above.

309.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 24, 2014 at 8:49am.

310.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

311.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

312.     Plaintiff repeats and re-alleges each and every factual allegation above.

313.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 25, 2014 at 7:30pm.

314.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

315.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

316.    Plaintiff repeats and re-alleges each and every factual allegation above.

317.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 25, 2014 at 1:45pm.

318.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

319.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

320.    Plaintiff repeats and re-alleges each and every factual allegation above.

321.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 26, 2014 at 3:35pm.

322.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

323.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXVIII

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

324.     Plaintiff repeats and re-alleges each and every factual allegation above.

325.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 26, 2014 at 7:13pm.

326.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

327.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XXXIX

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

328.     Plaintiff repeats and re-alleges each and every factual allegation above.

329.    Defendant made an unsolicited and unauthorized telephone call using a
        prerecorded or artificial voice to the telephone number of Plaintiff on June 27, 2014 at
        3:47pm.

330.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
        U.S.C. §227(b)(1)(B).

331.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
        violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
        is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
        TCPA.

### COUNT XL

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

332.    Plaintiff repeats and re-alleges each and every factual allegation above.

333.    Defendant made an unsolicited and unauthorized telephone call using a
        prerecorded or artificial voice to the telephone number of Plaintiff on June 27, 2014 at
        5:14pm.

334.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
        U.S.C. §227(b)(1)(B).

335.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
        violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
        is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
        TCPA.

## COUNT XLI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

336.    Plaintiff repeats and re-alleges each and every factual allegation above.

337.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 20, 2014
at 5:33pm.

338.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

339.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT XLII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

340.    Plaintiff repeats and re-alleges each and every factual allegation above.

341.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 20, 2013
at 5:33pm.

342.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

343.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT XLIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

344.     Plaintiff repeats and re-alleges each and every factual allegation above.

345.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 21, 2013
at 5:18pm.

346.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

347.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT XLIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

348.    Plaintiff repeats and re-alleges each and every factual allegation above.

349.    Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on November 23, 2013

at 8:15am.

350.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

351.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

### COUNT XLV

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

352.    Plaintiff repeats and re-alleges each and every factual allegation above.

353.    Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on November 27, 2013

at 9:18am.

354.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

355.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XLVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

356.     Plaintiff repeats and re-alleges each and every factual allegation above.

357.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on November 29, 2013 at 8:30am.

358.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

359.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XLVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

360.     Plaintiff repeats and re-alleges each and every factual allegation above.

361.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on December 3, 2013

at 4:19pm.

362.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

363.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT XLVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

364.     Plaintiff repeats and re-alleges each and every factual allegation above.

365.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on December 6, 2013

at 4:37pm.

366.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

367.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT XLIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

368.    Plaintiff repeats and re-alleges each and every factual allegation above.

369.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 8, 2013 at 5:17pm.

370.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

371.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT L

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

372.    Plaintiff repeats and re-alleges each and every factual allegation above.

373.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 9, 2013 at 3:28pm.

374.   Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

375.   As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

376.   Plaintiff repeats and re-alleges each and every factual allegation above.

377.   Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 12, 2013 at 6:28pm.

378.   Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

379.   As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

380.    Plaintiff repeats and re-alleges each and every factual allegation above.

381.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on December 24, 2013
at 5:01pm.

382.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

383.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

**COUNT LIII**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

384.    Plaintiff repeats and re-alleges each and every factual allegation above.

385.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on December 26, 2013
at 6:04pm.

386.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

387.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

388.     Plaintiff repeats and re-alleges each and every factual allegation above.

389.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on January 4, 2014 at 9:15am.

390.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

391.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

392.     Plaintiff repeats and re-alleges each and every factual allegation above.

393.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on January 7, 2014 at 4:32pm.

394.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

395.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

396.     Plaintiff repeats and re-alleges each and every factual allegation above.

397.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on January 16, 2014 at 4:13pm.

398.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

399.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

400.    Plaintiff repeats and re-alleges each and every factual allegation above.

401.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on January 21, 2014 at
9:40am.

402.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

403.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT LVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

404.    Plaintiff repeats and re-alleges each and every factual allegation above.

405.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on January 26, 2014 at
5:23pm.

406.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

407.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

408.     Plaintiff repeats and re-alleges each and every factual allegation above.

409.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on March 24, 2014 at 4:55pm.

410.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

411.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

412.     Plaintiff repeats and re-alleges each and every factual allegation above.

413.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 3, 2014 at 4:46pm.

414.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

415.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT LXI**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

416.     Plaintiff repeats and re-alleges each and every factual allegation above.

417.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 4, 2014 at 1:24pm.

418.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

419.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

420.    Plaintiff repeats and re-alleges each and every factual allegation above.

421.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 7, 2014 at 6:47pm.

422.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

423.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

424.    Plaintiff repeats and re-alleges each and every factual allegation above.

425.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on April 7, 2014 at
6:47pm (a few seconds after previous call).

426.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

427.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

### COUNT LXIV

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

428.    Plaintiff repeats and re-alleges each and every factual allegation above.

429.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on April 10, 2014 at
4:13pm.

430.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

431.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT LXV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

432.    Plaintiff repeats and re-alleges each and every factual allegation above.

433.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 11, 2014 at 4:41pm.

434.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

435.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

436.    Plaintiff repeats and re-alleges each and every factual allegation above.

437.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 17, 2014 at 3:34pm.

438.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

439.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

440.    Plaintiff repeats and re-alleges each and every factual allegation above.

441.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 18, 2014 at 1:19pm.

442.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

443.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

444. Plaintiff repeats and re-alleges each and every factual allegation above.

445. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 20, 2014 at 3:47pm.

446. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

447. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT LXIX**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

448. Plaintiff repeats and re-alleges each and every factual allegation above.

449. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 21, 2014 at 4:09pm.

450. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

451. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXX

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

452.     Plaintiff repeats and re-alleges each and every factual allegation above.

453.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 22, 2014 at 4:19pm.

454.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

455.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXI

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

456.     Plaintiff repeats and re-alleges each and every factual allegation above.

457.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on April 23, 2014 at
4:18pm.

458.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

459.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT LXXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

460.    Plaintiff repeats and re-alleges each and every factual allegation above.

461.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on April 24, 2014 at
6:56pm.

462.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

463.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

**COUNT LXXIII**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

464.     Plaintiff repeats and re-alleges each and every factual allegation above.

465.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 24, 2014 at 3:29pm.

466.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

467.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT LXXIV**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

468.     Plaintiff repeats and re-alleges each and every factual allegation above.

469.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 25, 2014 at 5:14pm.

78

470.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

471.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

472.    Plaintiff repeats and re-alleges each and every factual allegation above.

473.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on April 28, 2014 at 5:42pm.

474.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

475.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

476.    Plaintiff repeats and re-alleges each and every factual allegation above.

477.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on April 30, 2014 at
11:32am.

478.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

479.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

### COUNT LXXVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

480.    Plaintiff repeats and re-alleges each and every factual allegation above.

481.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 8, 2014 at
5:53pm.

482.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

483.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

484.    Plaintiff repeats and re-alleges each and every factual allegation above.

485.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 8, 2014 at 12:00pm.

486.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

487.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

488.    Plaintiff repeats and re-alleges each and every factual allegation above.

489.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 9, 2014 at 5:32pm.

490.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

491.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

492.     Plaintiff repeats and re-alleges each and every factual allegation above.

493.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 11, 2014 at 4:11pm.

494.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

495.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXXI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

496.    Plaintiff repeats and re-alleges each and every factual allegation above.

497.    Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on May 14, 2014 at

3:27pm.

498.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

499.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT LXXXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

500.    Plaintiff repeats and re-alleges each and every factual allegation above.

501.    Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on May 22, 2014 at

4:44pm.

502.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

503.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT LXXXIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

504.     Plaintiff repeats and re-alleges each and every factual allegation above.

505.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on May 23, 2014 at
7:11pm.

506.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

507.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT LXXXIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

508. Plaintiff repeats and re-alleges each and every factual allegation above.

509. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 23, 2014 at 4:10pm.

510. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

511. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT LXXXV**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

512. Plaintiff repeats and re-alleges each and every factual allegation above.

513. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 24, 2014 at 4:55pm.

514. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

515. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXXVII

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

516.    Plaintiff repeats and re-alleges each and every factual allegation above.

517.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 25, 2014 at 4:51pm.

518.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

519.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXXVIII

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

520.    Plaintiff repeats and re-alleges each and every factual allegation above.

521.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on May 26, 2014 at 6:54pm.

522.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

523.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT LXXXIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

524.     Plaintiff repeats and re-alleges each and every factual allegation above.

525.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on June 8, 2014 at 3:17pm.

526.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

527.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XC

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

528.    Plaintiff repeats and re-alleges each and every factual allegation above.

529.    Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on June 14, 2014 at

8:23am.

530.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

531.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT XCI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

532.    Plaintiff repeats and re-alleges each and every factual allegation above.

533.    Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on August 11, 2014 at

1:19pm.

534.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

535.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT XCII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

536.     Plaintiff repeats and re-alleges each and every factual allegation above.

537.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on August 11, 2014 at

1:14pm.

538.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

539.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT XCIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

540.     Plaintiff repeats and re-alleges each and every factual allegation above.

541.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on August 12, 2014 at
5:46pm.

542.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

543.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

**COUNT XCIV**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

544.     Plaintiff repeats and re-alleges each and every factual allegation above.

545.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on August 19, 2014 at
1:26pm.

546.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

547.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XCV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

548.     Plaintiff repeats and re-alleges each and every factual allegation above.

549.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on August 25, 2014 at 4:21pm.

550.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

551.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XCVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

552.     Plaintiff repeats and re-alleges each and every factual allegation above.

553. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on September 3, 2014 at 10:46am.

554. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

555. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XCVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

556. Plaintiff repeats and re-alleges each and every factual allegation above.

557. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on September 5, 2014 at 2:45pm.

558. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

559. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT XCVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

560.     Plaintiff repeats and re-alleges each and every factual allegation above.

561.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on September 15, 2014

at 11:31am.

562.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. §227(b)(1)(B).

563.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights

violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the

TCPA.

## COUNT XCIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

564.     Plaintiff repeats and re-alleges each and every factual allegation above.

565.     Defendant made an unsolicited and unauthorized telephone call using a

prerecorded or artificial voice to the telephone number of Plaintiff on September 23, 2014

at 2:06pm.

566.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

567.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT C

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

568.     Plaintiff repeats and re-alleges each and every factual allegation above.

569.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on September 26, 2014 at 3:14pm.

570.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

571.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

572.     Plaintiff repeats and re-alleges each and every factual allegation above.

573.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on September 29, 2014 at 7:11pm.

574.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

575.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT CII**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

576.     Plaintiff repeats and re-alleges each and every factual allegation above.

577.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on September 30, 2014 at 4:58pm.

578.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

579.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

580.     Plaintiff repeats and re-alleges each and every factual allegation above.

581.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 8, 2014 at 11:31am.

582.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

583.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

584.     Plaintiff repeats and re-alleges each and every factual allegation above.

585.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on October 9, 2014 at
7:06pm.

586.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

587.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

588.     Plaintiff repeats and re-alleges each and every factual allegation above.

589.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on October 13, 2014, at
11:28am.

590.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

591.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

592.	Plaintiff repeats and re-alleges each and every factual allegation above.

593.	Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 20, 2014 at 4:58am.

594.	Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

595.	As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

596.	Plaintiff repeats and re-alleges each and every factual allegation above.

597.	Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 22, 2014 at 7:09pm.

598.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

599.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

600.    Plaintiff repeats and re-alleges each and every factual allegation above.

601.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 23, 2014 at 2:37pm.

602.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

603.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

604.     Plaintiff repeats and re-alleges each and every factual allegation above.

605.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 27, 2014 at 5:47pm.

606.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

607.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT CIX**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

608.     Plaintiff repeats and re-alleges each and every factual allegation above.

609.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 28, 2014 at 4:32pm.

610.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

611.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CX

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

612.     Plaintiff repeats and re-alleges each and every factual allegation above.

613.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 29, 2014 at 4:27pm.

614.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

615.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXI

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

616.     Plaintiff repeats and re-alleges each and every factual allegation above.

617. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 29, 2014 at 3:11pm.

618. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

619. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

620. Plaintiff repeats and re-alleges each and every factual allegation above.

621. Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 30, 2014 at 12:34pm.

622. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

623. As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

624.    Plaintiff repeats and re-alleges each and every factual allegation above.

625.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 31, 2014 at 6:51pm.

626.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

627.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

628.    Plaintiff repeats and re-alleges each and every factual allegation above.

629.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on October 31, 2014 at 1:55pm.

630.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

631.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

632.     Plaintiff repeats and re-alleges each and every factual allegation above.

633.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 4, 2014
at 11:53am.

634.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

635.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

636.     Plaintiff repeats and re-alleges each and every factual allegation above.

637.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on November 4, 2014 at 10:25am.

638.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

639.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

### COUNT CXVII

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

640.     Plaintiff repeats and re-alleges each and every factual allegation above.

641.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on November 6, 2014 at 2:08pm.

642.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

643.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

644.     Plaintiff repeats and re-alleges each and every factual allegation above.

645.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on November 7, 2014 at 2:22pm.

646.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

647.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

648.     Plaintiff repeats and re-alleges each and every factual allegation above.

649.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 11, 2014
at 10:49am.

650.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

651.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

652.     Plaintiff repeats and re-alleges each and every factual allegation above.

653.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 11, 2014
at 10:48am.

654.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

655.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

656.     Plaintiff repeats and re-alleges each and every factual allegation above.

657.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 12, 2014
at 3:21pm.

658.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

659.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

660.     Plaintiff repeats and re-alleges each and every factual allegation above.

661.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on November 24, 2014
at 2:32pm.

662.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

663.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

664.    Plaintiff repeats and re-alleges each and every factual allegation above.

665.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 1, 2014 at 10:46am.

666.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

667.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

668.     Plaintiff repeats and re-alleges each and every factual allegation above.

669.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 3, 2014 at 4:29pm.

670.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

671.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

### COUNT CXXV

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

672.     Plaintiff repeats and re-alleges each and every factual allegation above.

673.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 3, 2014 at 3:49pm.

674.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

675.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

676.     Plaintiff repeats and re-alleges each and every factual allegation above.

677.     Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 3, 2014 at 3:48pm.

678.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

679.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

680.     Plaintiff repeats and re-alleges each and every factual allegation above.

681.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on December 5, 2014
at 10:50am.

682.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

683.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

684.     Plaintiff repeats and re-alleges each and every factual allegation above.

685.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on December 12, 2014
at 10:44am.

686.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

687.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

688.    Plaintiff repeats and re-alleges each and every factual allegation above.

689.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 15, 2014 at 11:25am.

690.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

691.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

692.    Plaintiff repeats and re-alleges each and every factual allegation above.

693.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 16, 2014 at 9:58am.

694.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

695.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXXI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

696.    Plaintiff repeats and re-alleges each and every factual allegation above.

697.    Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on December 19, 2014
at 2:11pm.

698.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

699.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXXII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

**OCWEN LOAN SERVICING, LLC**

700.    Plaintiff repeats and re-alleges each and every factual allegation above.

701.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on December 26, 2014 at 3:41pm.

702.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

703.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**COUNT CXXXIII**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

**OCWEN LOAN SERVICING, LLC**

704.    Plaintiff repeats and re-alleges each and every factual allegation above.

705.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on January 2, 2015 at 12:35pm.

706.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

707.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),

is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXXIV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

708.    Plaintiff repeats and re-alleges each and every factual allegation above.

709.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on January 23, 2015 at 12:35pm.

710.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

711.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXXV

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

712.    Plaintiff repeats and re-alleges each and every factual allegation above.

713.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on January 26, 2015 at
12:22pm.

714.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

715.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXXVI

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

716.     Plaintiff repeats and re-alleges each and every factual allegation above.

717.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on January 30, 2015 at
10:50am.

718.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

719.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXXVII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

720.    Plaintiff repeats and re-alleges each and every factual allegation above.

721.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on February 6, 2015 at 10:40am.

722.    Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(1)(B).

723.    As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT CXXXVIII

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

### OCWEN LOAN SERVICING, LLC

724.    Plaintiff repeats and re-alleges each and every factual allegation above.

725.    Defendant made an unsolicited and unauthorized telephone call using a prerecorded or artificial voice to the telephone number of Plaintiff on February 9, 2015 at 11:59am.

726.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

727.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

## COUNT CXXXIX

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

## OCWEN LOAN SERVICING, LLC

728.     Plaintiff repeats and re-alleges each and every factual allegation above.

729.     Defendant made an unsolicited and unauthorized telephone call using a
prerecorded or artificial voice to the telephone number of Plaintiff on February 12, 2015
at 8:10am.

730.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47
U.S.C. §227(b)(1)(B).

731.     As a result of Defendant's illegal conduct, the Plaintiff had his privacy rights
violated, has suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B),
is entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the
TCPA.

732.     To the extent the Court determines that Defendant's conduct was willful and
knowing, the Court should, pursuant to §227(b)(3)(C), treble the amount of statutory
damages recoverable by Plaintiff

## DEMAND FOR JURY TRIAL

733.     Plaintiff is entitled to and hereby demands a trial by jury.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _2/28/17_

Respectfully submitted,

Corey Ellington (Plaintiff)

530 Norwood Street

East Orange, NJ 07018

(973) 789-6002 Phone

(888) 810-9599 Fax

COREY.ELLINGTON@GMAIL.COM